UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLYDE HEAD                                    CIVIL ACTION NO. 10-cv-0444

VERSUS                                        JUDGE WALTER

CHESAPEAKE OPERATING, INC.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Clyde Head ("Plaintiff"), a citizen of Texas, filed this tort action in state court based on allegations that he was seriously injured while working as a welder's helper on a pipeline job. The named defendants are two Chesapeake entities, which Plaintiff alleges were responsible for safety on the pipeline. The Chesapeake entities, both of which allege they are Oklahoma corporations with a principal place of business in Oklahoma, removed the case based on an assertion of diversity jurisdiction.

Liberty Mutual Insurance Company has filed a **Motion to Intervene (Doc. 8)**. Its proposed complaint in intervention alleges that it has paid more than $50,000 in worker's compensation benefits related to the accident, and it seeks to recover those benefits from any amount awarded to Plaintiff in this case.

The proposed intervention is appropriate, but the proposed complaint in intervention does not adequately set forth Liberty Mutual's citizenship. The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed. <u>Dushane v. Gallagher Kaiser Corp.</u>, 2005 WL 1959151 (W.D. La. 2005). Liberty Mutual describes itself only as a "foreign

corporation" authorized to do business in Louisiana. That is not sufficient because a pleading in a diversity case must state with specificity a corporate party's (1) state of incorporation and (2) state of principal place of business. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Rather than deny Liberty Mutual's motion for leave to intervene because of this deficiency, the court notes that it has been reported in another case that Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Massachusetts. See Medistar Twelve Oaks Partners, Ltd. v. American Economy Ins. Co., 2010 WL 1996596, n.6 (S.D. Tex. 2010). The court will assume that information is correct and deems it incorporated into the complaint in intervention unless a party contests the assertion in writing within 14 days of the entry of this order. With that understanding, Liberty Mutual's Motion to Intervene (Doc. 8) is **granted**. Counsel for Liberty Mutual is directed to ensure that similar pleadings in future diversity cases have adequate allegations of citizenship of all relevant parties. A review of the Howery case, cited above, will show why this is critical. In that case, Allstate saw a favorable judgment vacated on appeal because it had omitted a proper allegation of its principal place of business and rested on a mere assertion that it was a "foreign" insurance company.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of May, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE